1  Pamela J. Scholefield, Esq. (SBN 196368)
2  SCHOLEFIELD, P.C. – CONSTRUCTION LAW
   13475 Danielson Street, Suite 100
3  Poway, CA 92064
   Telephone: (858) 613-0888
4  Fax: (858) 613-0045
5  Email: pam@construction-laws.com

6  Attorney for Plaintiff:
7  United States of America, for the use and benefit of OneSource Distributors, LLC.

8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA, for         )   CASE NO:   '18CV2578 DMS LL
12  the use and benefit of ONESOURCE      )
    DISTRIBUTORS, LLC, a Delaware         )
13  limited liability company,            )   UNITED STATES OF AMERICA FOR
                                          )   THE USE AND BENEFIT OF
14                                        )   ONESOURCE DISTRIBUTORS, LLC
           Plaintiff,                     )   COMPLAINT FOR:
15  v.                                    )
                                          )      1)  RECOVERY ON MILLER ACT
16                                        )          PAYMENT BOND (40 U.S.C. §
    GILBANE FEDERAL f.k.a. ITSI           )          3131, *ET SEQ.*)
17  GILBANE COMPANY, a California         )      2)  BREACH OF CONTRACT;
    corporation; TRAVELERS CASUALTY       )      3)  QUANTUM MERUIT
18  & SURETY COMPANY OF AMERICA,          )      4)  CLAIM AGAINST STATUTORY
19  a Connecticut corporation; ROBERT     )          LICENSE BONDS
    ALAN LINDFORS, an individual;         )
20  UNITED STATES FIRE INSURANCE          )
21  COMPANY, a Delaware corporation;      )   JURY TRIAL DEMANDED
    ERIC ALLEN MUNRO, an individual;      )
22  DOES 1 through 40, inclusive,         )
                                          )
23                                        )
           Defendants.                    )
24                                        )
25
26
27
28

1       Plaintiff, UNITED STATES OF AMERICA for the use and benefit of ONESOURCE

2   DISTRIBUTORS, LLC, a Delaware Limited Liability Company (hereinafter "OneSource"),

3   hereby claims and alleges as follows, and demands trial by jury for such claims:

<strong><u>JURISDICTION</u></strong>

5       1.    This Court is vested with subject matter jurisdiction under 28 U.S.C. § 1331 in

6   that there is a claim based on 40 U.S.C. § 3131 *et seq.* (known as the "Miller Act").

7       2.    This Court has pendent and/or supplemental jurisdiction under 31 U.S.C. §

8   1367 to hear the state law claims in that they arise from the same facts, case and controversy

9   as the federal law claims.

10      3.    Plaintiff demands a trial by jury.

<strong><u>VENUE</u></strong>

12      4.    The United States District Court for the Southern District of California is

13  proper venue because per written agreement, the parties submitted to the courts of San

14  Diego county for the enforcement of the Agreement at issue.

<strong><u>PARTIES</u></strong>

16      5.    Use-Plaintiff, ONESOURCE DISTRIBUTORS, LLC, is a Delaware Limited

17  Liability Company organized and existing under the laws of the State of Delaware, with its

18  principal place of business in San Diego, California. OneSource is an electrical wholesale

19  distributor.

20      6.    OneSource is informed and believes, and thereon alleges, that Defendant

21  GILBANE FEDERAL, formerly known as ITSI GILBANE COMPANY, ("Gilbane") is a

22  Corporation, organized and existing under the laws of the State of California, and is a

23  licensed California Contractor and authorized to do business in the state of California.

24  Gilbane performs work as a general contractor.

25      7.    OneSource is informed and believes, and thereon alleges, that Defendant

26  TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA ("Travelers") is a

27  surety issuing bonds required by law or contract by the United States, and is conducting

28  business as a surety under the applicable laws.  OneSource is informed and believes, and

<strong>2</strong><br>COMPLAINT

thereon alleges, that Travelers is, and at all times herein mentioned was, the surety for all or a portion of Gilbane's payment bond as required by law.

8.     ONESOURCE is informed and believes, and thereon alleges, that Travelers is, and at all times herein mentioned was, the surety for Gilbane's statutory license bond, number **105504307**, as required by law in the amount of $15,000.00.

9.     ONESOURCE is informed and believes, and thereon alleges, that Travelers is, and at all times herein mentioned was, also the surety for Gilbane's statutory license bond for the qualifying individual, number **106157131**, as required by law in the amount of $12,500.00 for qualifying individual ROBERT ALAN LINDFORS ("Lindfors").

10.     ONESOURCE is informed and believes, and thereon alleges, that Defendant, UNITED STATES FIRE INSURANCE COMPANY ("US Fire Insurance") is, and at all times herein mentioned was, a surety authorized to conduct business under California laws, and is conducting business as a surety under the applicable California laws.  ONESOURCE is informed and believes, and thereon alleges, that US Fire Insurance is, and at all times herein mentioned was, the surety for Gilbane and issued it the statutory license bond for the qualifying individual, bond number **6041006073** as required by law in the amount of $12,500.00 for qualifying individual ERIC ALLEN MUNRO ("Munro").

11.     OneSource does not presently know the true names or capacities - whether individual, corporate, associate, representative, or otherwise - of Defendants, Does 1-40, inclusive, and therefore sues them by fictitious names.  OneSource will ask leave of the Court to amend this complaint to show their true names and capacities when they have been ascertained. OneSource is informed and believes, and thereon alleges that each of the Defendants designated as a Doe is legally responsible in some manner for the events and happenings referred to herein.

## STATEMENT OF FACTS

12.     In or about September 2013, Gilbane contracted with the Naval Facilities Engineering Command ("NAVFAC"), on the federal project known as the Power Plant II and III, Djibouti at Camp Lemonnier, Djibouti, FPO AE, CA 09363 ("Project"), pursuant to

Contract No. N62470-13-C-3006, (hereinafter "Prime Contract") in the amount of $16,635,737.00. The Prime Contract included construction work for improvements at Camp Lemonnier located at Djibouti, Africa.

13.　　As the general contractor for the Project, Gilbane obtained a Miller Act payment bond from defendant Travelers, Bond No. **105995960** ("Payment Bond"), as required by NAVFAC, for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person.

14.　　On or about August 21, 2014, OneSource and Gilbane entered into a written agreement ("Contract") whereby Gilbane would purchase electrical materials, equipment, and services to be used for a portion of work included in the Prime Contract, under which there is still a principal balance owed in the total sum of **$385,392.00**, plus interest.

15.　　Gilbane agreed to pay OneSource within 45 days of being invoiced, and the materials and services at issue in this Action were invoiced on February 7, 2017 ($289,112) and April 17, 2018 ($96,280).  The Contract also specifies that "….a Prevailing Party shall be entitled to receive, as part of any award or judgment its reasonable attorneys' fees incurred in handling the dispute."

16.　　OneSource completed its work, all of which work was furnished or was intended to be furnished in the prosecution of the work provided for in the Prime Contract and specifications, and all or a portion of which work was furnished within the year immediately preceding the date this complaint was filed.

17.　　Gilbane failed to pay OneSource **$385,392.00** due under the Contract when OneSource's invoices were submitted, which were due to be paid no later than March 24, 2017 ($289,112) and June 1, 2018 ($96,280). OneSource also timely notified Gilbane of the outstanding debt and made demand for payment thereon, but Gilbane and its sureties failed to pay the amount owed and more than 90 days have passed since the last day on which OneSource furnished or supplied the materials and services for which this claim is made.

18.　　Although demand was made, OneSource is still owed a total of **$385,392.00**, plus interest, pursuant to the terms of the Contract.

19.    OneSource has submitted a claim for payment to Travelers under the Payment Bond for the June 1, 2018 invoice amount of $96,280, but Travelers has failed to pay OneSource the amount due.

## FIRST CLAIM

### (RECOVERY ON MILLER ACT PAYMENT BOND)

### (Against Gilbane, Travelers, and Does 1-10)

20.    OneSource hereby incorporates by reference and realleges, each and every allegation contained in the other Paragraphs inclusive, as though fully set forth herein.

21.    OneSource has performed all conditions, covenants, and promises under the Contract on its part to be performed, except for any conditions it was excused or prevented from performing.

22.    Gilbane has breached the Contract in that it has failed and refused to pay OneSource in full for the materials furnished in the prosecution of the work provided for in the Prime Contract and pursuant to the Contract. Demand for payment was made to Gilbane for the outstanding debt, but Gilbane failed to pay the amount owed.

23.    Travelers is obligated, pursuant to the Payment Bond, to pay OneSource for the materials it furnished in the prosecution of the work provided for in the Prime Contract, and for which Gilbane failed to make payment.

24.    Travelers has failed to fulfill its obligation under the Payment Bond to pay OneSource for the materials furnished in the prosecution of the work provided for in the Prime Contract, and for which Gilbane failed to make payment in the amount of **$96,280.00**.

25.    OneSource is entitled to payment from Travelers pursuant to the Miller Act, 40 U.S.C. § 3133, plus interest and its reasonable attorney's fees and other costs, as such is available under the Contract or by law.

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CLAIM

### BREACH OF CONTRACT

### (Against Gilbane and Does 11-20)

26.     OneSource hereby incorporates by reference, each and every allegation contained in the other Paragraphs inclusive, as though fully set forth herein.

27.     OneSource and Gilbane entered into a Contract whereby Gilbane would purchase electrical materials and services from OneSource for the Project in consideration of Gilbane complying with the terms set forth in the Contract.

28.     OneSource has performed all conditions, covenants, and promises under the Contract on its part to be performed, except for any conditions it was excused or prevented from performing.

29.     Gilbane breached the Contract by failing to pay OneSource for materials and services Gilbane purchased for the Project.

30.     As a direct and proximate result of Gilbane's breach, OneSource has suffered damages in an amount according to proof at trial and at least equal to **$385,392.00**, that Defendants owe OneSource under the Contract, plus accrued interest on that amount at the legal rate, from the date of breach, and the costs and expenses of litigation, including reasonable attorney's fees, and all costs.

## THIRD CLAIM

### QUANTUM MERUIT

### (Against Gilbane and Does 21-30)

31.     OneSource hereby incorporates by reference, each and every allegation contained in the other Paragraphs, inclusive, as though fully set forth herein.

32.     Gilbane purchased electrical material and services from OneSource, under the terms of the Contract, and materials and services were furnished by OneSource in the prosecution of the work for the Project.

33.     Gilbane, as the general contractor for the Prime Contract, benefitted from the use of the materials and services supplied by OneSource to the Project.

34.     Gilbane knew that OneSource was providing electrical materials and services to the Project.  And while it ordered, accepted, used, and enjoyed the materials and services- it did not fully pay OneSource for them.

35.     The reasonable value of all materials and services that OneSource provided to the Project is an amount according to proof at trial, but at least **$385,392.00**.  Also, OneSource is entitled to attorney fees and costs under California Civil Code, section 1717.5.

## FOURTH CLAIM

### CLAIM AGAINST STATUTORY LICENSE BONDS
### (Against TRAVELERS, GILBANE, LINDFORS, US FIRE INSURANCE, MUNRO and DOES 31 through 40, inclusive)

36.     OneSource hereby incorporates by reference, each and every allegation contained in the other Paragraphs, inclusive, as though fully set forth herein.

37.     OneSource is informed and believes that Gilbane violated California Contractors State License Law in that it willfully and deliberately failed to pay OneSource under the Contract and caused a material injury to OneSource as follows:

- Gilbane willfully and deliberately diverted funds received for prosecution or completion of a specific construction project or operation, or for a specified purpose in the prosecution or completion of any construction project or operation instead of paying OneSource from those funds;

- OneSource is informed and believes that Gilbane contracted to provide material and services that was purchased from OneSource to be used on a specific construction project, and then did, in fact use the materials and services on the construction projects and received payment for those specific materials and services on that project, but then willfully and deliberately failed to pay OneSource for the materials and services provided;

- OneSource is informed and believes that Gilbane willfully and deliberately failed to pay OneSource for the materials and services provided to the Project for use on each Project even though Gilbane had the capacity to pay or when it had received sufficient funds as payment for the particular work for which the materials were provided;

- OneSource is informed and believes that Gilbane engaged in willful or fraudulent acts as a contractor the consequence of which OneSource was substantially injured;

- OneSource is informed and believes that Gilbane violated other laws including prompt payment statutes, with caused substantial injury to OneSource.

38.    By acting as alleged above and herein this Complaint, Gilbane acted in violation of the Contractors State License Law.

39.    As a condition precedent to being granted a contractor's license, and under the License Law, Gilbane, as principal, and Travelers as the surety, duly made, executed, and filed with the Registrar of Contractors of California, a certain surety bond with bond number **105504307** ("**License Bond 1**") in the principal amount of $15,000.00.

40.    As a condition precedent to being granted a contractor's license, and under the License Law, Lindfors, as RME for Gilbane, and Travelers as the surety, duly made, executed, and filed with the Registrar of Contractors of California, a certain qualifying individual surety bond with bond number **106157131** ("**License Bond 2**") in the principal amount of $12,500.00.

41.    As a condition precedent to being granted a contractor's license, and under the License Law, Munro, as RME for Gilbane, and US Fire Insurance as the surety, duly made, executed, and filed with the Registrar of Contractors of California, a certain qualifying individual surety bond with bond number **6041006073** ("**License Bond 3**") in the principal amount of $12,500.00. Together, License Bond 1, License Bond 2 and License Bond 3 shall be collectively referred to herein as "**License Bonds**."

The License Bonds so given and filed was for the benefit of persons damaged by the principals' violations of the License Law.

42.    As a direct and proximate result of Defendant's License Law violations, OneSource has been damaged in excess of the Bonds' penal sum, and therefore OneSource is entitled to payment from Travelers against the statutory License Bond 1 issued to Gilbane, License Bond 2 issued to Gilbane and Lindfors and is also entitled to payment

from US Fire Insurance against the statutory License Bond 3 issued to Gilbane and Munro for the full value of the principal sum on said License Bonds.

43.     OneSource is also entitled to interest and its reasonable attorney's fees and other costs, as such is available under the Contract or by law

## **PRAYER FOR RELIEF**

WHEREFORE, use-plaintiff prays for:

1.  Damages in an amount to be proven at trial against Gilbane, Travelers and Does 1 through 10 which is at least **$96,280.00**, or an amount according to proof;

2.  Damages in an amount to be proven at trial against Gilbane, and Does 11 through 30 which is at least **$385,392.00**, or an amount according to proof;

3.  For the bond penal value of the License Bonds, or an amount according to proof, against Travelers, Gilbane, Lindfors, US Fire Insurance, Munro and DOES 31 through 40, inclusive;

4.  Costs of suit, including court costs and expert and consultant's fees expended or incurred herein;

5.  Reasonable attorney's fees per contract and/or law;

6.  For interest on said sums at the maximum legal or contract rate per annum from the date due, or a date according to proof through the date of judgment;

7.  For post-judgment interest in the maximum amount allowed by contract and/or law; and

8.  Such other and further relief entitled as a matter of law or equity, or which the Court may deem just and proper.

Dated: November 9, 2018

SCHOLEFIELD PC – CONSTRUCTION LAW

By: _____
Pamela J. Scholefield, Esq., P.E.*
*Professional Engineer, State of Colorado
Attorney for Plaintiff, United States of America, for the use and benefit of OneSource Distributors, LLC

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA, for the use and benefit of ONESOURCE DISTRIBUTORS, LLC, a Delaware limited liability Company

**(b)**  County of Residence of First Listed Plaintiff     Oceanside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Scholefield, P.C., Pamela J. Scholefield (SBN 196368)
13475 Danielson Street, Ste. 100, Poway, CA 92064
858-613-0888; pam@construction-laws.com

## DEFENDANTS

GILBANE FEDERAL f.k.a. ITSI GILBANE COMPANY, a California Corporation; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, a Connecticut corporation; ROBERT ALAN LINDFORS, an individual; UNITED STATES FIRE INSURANCE COMPANY, a Delaware Corporation; ERIC ALLEN MUNRO, an individual; DOES 1 through 40, inclusive,

County of Residence of First Listed Defendant     Contra Costa County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

'18 CV 2578 DMS LL

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
40 U.S.C. § 3131 et seq.

Brief description of cause:
Miller Act Claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   385,392.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/09/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Pamela J. Scholefield

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.